## Harvey v. Rogers.

(Decided February 20, 1917.)

## Appeal from Woodford Circuit Court.

1. Appeal and Error—Res Judicata.—The decision of this court upon a question properly submitted to it for determination upon a former appeal, is, on a subsequent appeal in the same case, res judicata.

2. Appeal and Error—Res Judicata—Obiter.—Where upon an appeal there are two propositions relied upon to sustain the judgment of the lower court, both are before this court for determination, and the conclusions of the court on both of them are, upon a second appeal in the same case, res judicata, and the fact that the court's conclusions upon either of the propositions were sufficient to sustain the judgment of the court upon the former appeal will not authorize the rejection of the other as obiter dictum.

3. Guaranty—Parties.—W. and B. each purchased a certain amount of stock in a company, and took from the promoters, a written guaranty, in substance, that in the purchase they should suffer no loss, and the guarantors would indemnify them for any loss that should occur, and to the extent of the amount paid by each for the stock, they would make good any loss or damage arising out of the transaction; held, that this was a several obligation as to each of the obligees, and in an action by the assignee of one the other was not a necessary party.

4. Guaranty—Pleading—Amendments.—In a suit upon such guaranty the plaintiff alleged that the stock was worthless upon the date of issue and at all times thereafter, which allegation was denied by defendant; held, that under section 134 of the Civil Code of Practice, it was not error for the court to permit an amendment to the effect that the insolvency of the company occurred three years after the purchase of the stock, there being no evidence that it occurred at an earlier date than that set up in the amendment.

D. L. THORNTON and A. J. CARROLL for appellant.

WALLACE & HARRISS for appellee.

OPINION OF THE COURT BY JUDGE CLARKE—Affirming.

This is the second appeal in this case. The opinion on the former appeal will be found in 143 Ky. 88, and copied into that opinion, is the written obligation, called a guarantee, which is the basis of the action. The judgment of the lower court, which was reversed on the former appeal, adjudged, that the petition, with certain exhibits filed by the parties and considered as parts of

the petition, did not state a cause of action, because the written obligation sued upon was neither negotiable nor assignable, and, that the plaintiff, now the appellee, acquired no right thereunder, by its purchase, and because the defendant, appellant here, was not concluded or estopped by the judgment of the Mercer Circuit Court, a copy of which was one of the exhibits filed, that said judgment was not binding upon the defendant, and conferred no right or remedy against him upon plaintiff, by the purchase of the stock sold under that judgment.

In the briefs for the defendant upon the former appeal, he sought to sustain the judgment of the circuit court upon two grounds, first, that the written obligation was not negotiable or assignable, and, second, that he was not bound or estopped, by the judgment of the Mercer Circuit Court, because that judgment, although responsive to the pleadings upon which it was based, was a default judgment, and granted relief not specifically prayed for. By reference to the former opinion of this court, it will be discovered that both of the grounds upon which the defendant, Harvey, then appellee, and now appellant, sought to have this court affirm the judgment of the lower court, were considered and decided against him, by this court. It is now contended, by his counsel, that, as the court's conclusion upon the first of the above mentioned propositions, that the guarantee was not negotiable or assignable, necessarily reversed the judgment of the lower court, it was not necessary to the decision of the case, for this court to either consider or decide the second proposition, and that the statement in the former opinion: "The court, in the action brought to sell the stock had jurisdiction of the parties. Harvey was before the court and is bound by the judgment rendered in that action. The pleadings sufficiently showed the facts, and the judgment was in accord with the prayer of the petition," is obiter and not to be considered as the law of this case. When the case was returned to the lower court, in the belief that this court, by the former opinion, had decided, not only that the guaranty was assignable, but also, that the defendant, Harvey, was bound and estopped by the judgment of the Mercer Circuit Court, and that he could not be heard longer, in this case, to question its validity, that court sustained a demurrer to the paragraph of defend-

ant's answer which attempted to attack the validity of that judgment by pleading a want of consideration for the guaranty. Appellant is now seeking to reverse the judgment herein, upon the ground that it was error, on the part of the lower court, to sustain this demurrer, while counsel for appellee insist that, by the former opinion of this court, appellant is precluded from such contention.

That this court did, upon the former appeal, in its opinion, say in so many words, that appellant is bound by the judgment of the Mercer Circuit Court, is admitted by counsel for appellant, but they insist that such a holding was not necessary to a decision of the case, although properly presented to the court; in other words, although appellant, then appellee, relied upon two grounds, in an attempt to sustain a judgment before this court, that when the court decided the first proposition adversely to him, which necessitated a reversal, it was not then necessary to consider the second ground upon which he relied, and he is not bound by the conclusions of the court on that proposition.

This, to say the least, is, to us, a novel argument. We are asked to again consider, at the insistence of the same party, a proposition that we have heretofore, in the same case, considered, at his request, and to reverse our former conclusions upon that proposition, upon the ground that what we have heretofore said in reference thereto is *obiter*. Having concluded, upon the former appeal, that neither of appellant's propositions, then presented, was tenable, we are unable to understand how it can be said with better right, that our conclusions upon the one, rather than the other of the propositions, is *obiter*. If such a thing can be done, any litigant, having relied upon two propositions to sustain his position, may elect to regard the court's conclusion, upon whichever of the two propositions he may wish, as the law of the case, and disregard all else in the opinion, as mere loose talk. We have too many opportunities to so regard the results of our efforts, to be easily convinced that we ought to enlarge the opportunities therefor, and we are unwilling to concede, that our decision of a matter presented to us, as was the question of the validity of the judgment of the Mercer Circuit Court, upon a former appeal, is not *res judicata* as to the parties to that appeal. That it is *res judicata* seems to us,

too apparent to require citation of authorities, and we do not deem it necessary to discuss the validity of that judgment, or to review the authorities cited by counsel for appellant, that that judgment is not binding upon him.

2. Counsel for appellant also urge, that the lower court erred, in holding that neither the representative of A. B. Bonta or H. C. Williams was a necessary party to this suit, although they present no reasons sufficient for making either a party to the suit. In the former opinion, this court said:

"By his purchase at that sale Rogers was invested with all the rights of Williams in the stock and in the guaranty, and he may bring an action on the guaranty which Williams might have brought."

If all the rights of Williams, legal and equitable, in the stock, were vested in Rogers, then, Williams was not a necessary party, and neither was his personal representative. The writing shows, upon its face, that it is not a joint obligation to Bonta and Williams, but is separate to each; that neither has an interest, legal or equitable, to what the other may recover. Besides, it is shown by appellant's answer, that Bonta had theretofore sued and recovered upon the obligation, the full amount due him thereunder. He, therefore, was not a necessary party to this action, and neither is his personal representative.

3. Complaint is also made, that appellant's plea of limitation was not upheld by the court. In the petition it is alleged that, at the time the subscription to the Ozone Parkland Company was paid, the stock so issued to him was worthless and of no value, and has so continued, at all times since. In the answer, the defendant traversed all these allegations. The petition was filed, October 11th, 1904, the stock having been issued in May, 1889. On November 3rd, 1915, appellee was permitted to file an amended petition, over the objection of appellant, in which he alleged, that the allegations of the original petition, with reference to the time when the stock became worthless, were inserted by oversight and mistake; and said allegations were withdrawn, and it was alleged, that the company became insolvent, three years or more after the execution of the obligation sued upon. Appellant complains, that it was error on the part of the court, to permit the withdrawal of the allega-

tions in the original petition and the substitution therefor of the statements in the amended petition. But we think this was clearly not an abuse of the court's discretion, since section 134 of the Civil Code gives the circuit court such right, in the furtherance of justice. Appellant having denied the allegations of the original petition, the amended petition was but a confession of his denial that the stock was worthless, from May, 1889, to May, 1892, and he was certainly not prejudiced thereby. By the amended answer, appellant denied that the Ozone Parkland Company became insolvent three years after the execution of the guarantee. Confessedly, it was insolvent when the petition was filed, in 1904, which is less than fifteen years after 1892, when appellant denied it was insolvent, so that it became insolvent and went out of business, and the stock became worthless, some time within twelve years before the suit was filed. By the terms of the contract, a cause of action would not accrue until a loss had been sustained by reason of the purchase of the stock. No facts were pleaded, or evidence heard, which show that a cause of action accrued upon the written contract, before 1892, unless the allegations in the original petition, that the stock had been worthless since the day of its issue, may be so considered; and this allegation, as we have stated, was withdrawn, by the amended petition, offered to be filed, November 8th, 1911, and filed, November 3rd, 1915, and the statement then made, in lieu of the statement in the original petition, that the company became insolvent and went out of business, in 1892, or thereafter. It is, therefore, apparent that the case was not barred by limitation, unless the plaintiff is required to stand by the statements in the original petition, and, having held that the court properly permitted the plaintiff to amend these statements, it follows, that the plea in bar was not sustained.

For reasons indicated, the judgment is affirmed.