KATHERINE M. MORROW *vs.* ALICE G. OTIS & another.

Suffolk.    December 2, 1924. — January 28, 1925.

Present: RUGG, C.J., BRALEY, PIERCE, WAIT, & SANDERSON, JJ.

*Negligence,* Of one owning or controlling real estate, In use of gas, Res ipsa loquitur.  *Evidence,* Matter of conjecture, Admission.

At the trial of an action for injuries resulting from an escape of gas in premises let to the plaintiff by the defendant, alleged to have been caused by negligence of the defendant in permitting gas appliances to be and to remain out of repair and in letting to the plaintiff a room knowing the gas appliances therein to be out of repair, the only evidence was testimony by the plaintiff in substance that, when she rented the premises, the defendant, in response to her question, told her that the gas fixture was all right, a man having fixed it; that the first night the plaintiff used the gas for lighting purposes only and there was no trouble; that the next night she used the gas for heating, leaving it on for about three hours and then turned it off at a safety catch near the wall to which the defendant had called her attention for that purpose; that she thought there was no other shutoff but did not know; that the next morning the room was full of gas and she was sick.   Some time later the defendant stated that in the meantime a man had been there to repair the fixture and said that it was all right, and that later, when the plaintiff said to the defendant, "Well, you have had the gas fixture all fixed up new now," no reply was made.   *Held,* that

(1) The evidence did not warrant a finding determining the cause of the escape of gas on the second night;

(2) The unexplained escape of gas from a fixture owned by the defendant was not of itself evidence of negligence on the defendant's part;

(3) The defendant's silence when asked if she had had the "fixture all fixed up new now" would not justify the inference that a defective condition for which the defendant was responsible had existed before that time;

(4) The evidence was not sufficient to prove that when the room was let the defendant knew, or in the exercise of reasonable care should have known, that the fixture was defective or that any repairs were needed on it.

TORT for personal injuries resulting from an escape of gas in premises let to the plaintiff by the defendant. Writ dated February 2, 1922.

In the Superior Court, the action was tried before *Macleod*, J. Material evidence is described in the opinion. At the close of the plaintiff's evidence, on motion by the defendant, the judge ordered a verdict for the defendant. The plaintiff alleged exceptions.

*C. S. Walkup, Jr.*, for the plaintiff.

*L. C. Doyle*, for the defendants.

SANDERSON, J. This is an action of tort to recover damages for injuries caused by escaping gas. There are three counts, based upon negligence of the defendants, in permitting gas and heating appliances to become defective, to be and remain out of repair, and in knowingly letting to the plaintiff a room wherein the gas fixtures and appliances were defective.

The plaintiff was the only witness called. She hired of the defendants a room, lighted and heated by gas, in a building owned by them, for which she paid rent in advance. When the agreement was made, the plaintiff noticed that the gas fixture in the room was an old one, and asked whether it was all right. The defendant Mrs. Otis said, pointing to the fixture, " this is a safety catch here. Perfectly all right "; that a man who had " fixed the gas fixture " says " it is all right. He ought to know." The plaintiff occupied the room two nights. On the first she turned on the gas for lighting the room, but not that for heating, and there was no trouble from escaping gas. The next night she turned on the gas for heating at about eight o'clock, and left it on about three hours when she turned it off at the safety catch near the wall, which Mrs. Otis had told her turned the gas off from the stove. The plaintiff thought there was no other shut-off, but did not know. After turning off the gas, she went to bed and upon awaking in the morning was not feeling well

and fell when she tried to get up. Mrs. Spear, an occupant of the next room, who heard her fall, came with Mrs. Otis to the plaintiff's room and said that upon opening her (Mrs. Spear's) door, the hall was full of gas. Mrs. Spear then pointed to the gas jet in the plaintiff's room and said " This is where the trouble is " but she did nothing to it. The night after the accident Mrs. Otis said to the plaintiff that there had been a man there to " fix . . . [the gas fixture] and he said it was all right " ; also, that the room " won't be occupied again until it is all right." A few days later the plaintiff visited the room in company with Mrs. Otis and said " Well, you have had the gas fixture all fixed up new now," to which she received no reply. At the close of the plaintiff's case the trial judge, upon motion, directed the jury to return a verdict for the defendants. The plaintiff's exception to this order presents the only question for our consideration.

No one testified that the gas fixture was defective or out of repair either before or after the plaintiff was made ill, but if it be assumed that upon the evidence the jury would have been warranted in finding that the injuries to the plaintiff were caused by the escape of gas from a defective fixture in her room — a question which we do not decide — there is not sufficient evidence to justify a finding of negligence on the part of the defendants. There was no escape of gas on the first night of the plaintiff's occupancy. Why the gas escaped on the second night did not appear. *Hill* v. *Iver Johnson Sporting Goods Co.* 188 Mass. 75. The only evidence tending to show any change in the condition of the appliance after the first night was that which related to the plaintiff's use of the gas by turning it on and off. The unexplained escape of gas from a fixture owned by the defendants is of itself no evidence of their negligence. *Murphy* v. *Boston Elevated Railway,* 229 Mass. 38. If there were a defect, its nature and the time when it came into existence were matters of conjecture and it did not appear that the most careful inspection on the part of the defendants would have disclosed it. If the silence of Mrs. Otis when the plaintiff spoke to her a few days after the plaintiff was made

ill would support a finding that a new gas jet had been put in after the accident, this fact would not justify the inference that a defective condition for which the defendants were responsible had existed before that time. It is not an admission of negligence. *Menard* v. *Boston & Maine Railroad,* 150 Mass. 386. *Shinners* v. *Proprietors of Locks & Canals,* 154 Mass. 168. *Albright* v. *Sherer,* 223 Mass. 39. The plaintiff cannot recover on the ground that Mrs. Otis stated to her in substance that the gas fixture was all right, when she knew or should have known that it was defective. The evidence is not sufficient to prove that when the room was let the defendants knew, or in the exercise of reasonable care should have known, that the fixture was defective or that any repairs were needed on it. The facts in this case distinguish it from cases like *Cutter* v. *Hamlen,* 147 Mass. 471, and *Clogston* v. *Martin,* 182 Mass. 469, which were actions for deceit in connection with the letting of houses.

*Exceptions overruled.*