## No. 14,189.

### GIRARDOT, ADMINISTRATOR ET AL. *v.* WILLIAMS.
(80 P. [2d] 433)

Decided June 6, 1938.

Messrs. BARTELS, BLOOD & BANCROFT, Mr. ARTHUR H. LAWS, for plaintiffs in error.

Mr. H. BERMAN, Mr. FRED N. HOLLAND, Mr. JOSEPH N. LILLY, for defendant in error.

*In Department.*

MR. CHIEF JUSTICE BURKE delivered the opinion of the court.

THESE parties appeared in reverse order in the trial court and are hereinafter referred to as there, or by name.

Plaintiff, a tenant in defendants' apartment house, attempting to burn waste paper in an ashpit, received burns about the face, hands and arms. Charging this to defendants' negligence she brought this action for $3,000 damages. A jury awarded her $500. To review the judgment thereupon entered this writ is prosecuted. The twelve assignments are argued under four heads: (1) improper joinder of causes; (2) improper admission of evidence; (3) failure of proof of negligence; (4) proof of contributory negligence. Since we think the third of these is well taken, and hence defendants' motion for nonsuit should have been sustained, the others need not be considered.

In the two story building in question were sixteen apartments. Of the tenants thereof fourteen burned coal. At the rear is a two story brick structure. In the corner, with the outside walls of the building constituting two of its sides, is the ashpit in question. It has one receiving door near the ground level and another on the second floor. Its measurements are about five by six feet and seven feet in height. In its concrete top are two openings, a chimney, and a shaft extending to the upper receiving door. These doors are each twenty-one by twenty-three inches. The structures are not modern. They have remained in the same condition for over forty years. De-

fendants did not build them, but took possession only about six months prior to the accident. They had no actual knowledge of any fault or defect therein. Plaintiff rented her apartment and moved in May 21, 1936. She had waste paper and wrappings to dispose of and defendant Kennedy told her to do this by placing same in the pit and dropping a burning paper on top. She placed a carton of papers on the upper porch floor about eight feet from the receiving door, put some of them in, dropped in a burning paper, and was in the act of adding more when a burst of flame came through the door causing the injuries complained of. The negligence relied upon is failure to provide proper vents to carry off gas and failure to clean out accumulation of ashes. So far as disclosed by the record the pit had always been used as at the time of the accident and as instructed by defendant Kennedy, with no untoward results.

■ Defendants are chargeable only with reasonable care and are held only to such knowledge as they actually possessed, or such as reasonable persons, from known conditions, should have possessed. 45 C. J., P. 651, §25; *Mansell v. Hands,* 235 Mass. 253, 126 N. E. 391, 13 A. L. R. 835.

■ Where facts are not in dispute and absence of negligence is unquestionable there is nothing to go to a jury. *Pueblo v. Smith,* 57 Colo. 500, 143 Pac. 281.

■ In case of injury from escaping or accumulating gas from a defective fixture which a landlord told a tenant was all right, the former is not responsible unless it be shown that he knew, or in the exercise of reasonable care should have known, of the defect. *Morrow v. Otis,* 251 Mass. 65, 146 N. E. 363.

■ Plaintiff's most favorable authority is *Davis v. Hochfelder,* 153 La. 183, 95 So. 598. It involved a gas water heater, without a vent, installed in a bathroom. A mere statement of that fact discloses that the exercise of reasonable care would have warned the landlord of the

danger. No similarity of circumstances renders the case applicable.

██ An incinerator expert, representing a nationally known company and unquestionably qualified, testified for plaintiff. This judgment, if sustained, must rest upon his evidence. It may well be taken as a guide to the scientific construction of incinerators in great modern hotels and apartment houses, and a basis for an intelligent and modern building code, relating thereto, in a progressive city. Most of it, however, is here mere conjecture because devoid of any basis of fact in the evidence. It affords no guide to reasonable requirements in a forty year old ashpit in an apartment house of equal age. Admitting all of it, and every inference properly deducible therefrom, we are still without evidence that defendants knew, or in the exercise of reasonable care should have known, the possibility of injury arising from the construction or operation of the pit. Much stress is laid upon the fact that the pit was as full of ashes as it could well be without their escaping through the lower receiving door, but this left a very extensive empty chamber above and there is no sufficient evidence that the explosion, if such it was, bore any relation to that condition. We think, in the light of all this evidence, a holding that defendants knew, or ought to have known, or in the exercise of ordinary care could have known, of the peril that apparently developed in this pit under the peculiar circumstances, would be without authority of law. Their motion for non-suit should have been granted.

The judgment is accordingly reversed and the cause remanded for dismissal at plaintiff's costs.

MR. JUSTICE BOUCK, MR. JUSTICE YOUNG and MR. JUSTICE KNOUS concur.