Mr. Justice Schauer
dissenting.
I dissent.
Mr. Justice Day in the majority opinion has sufficiently recited the pertinent facts for the purposes here to be served, with the exception that I would place special significance upon the fact that Tombling had just traversed the entrance of the building and was thus familiar with the premises at the time of her exit. Also that the record is replete with evidence that the light was adequate to see all structural details involved. Additional pertinent facts are revealed in the testimony, which appears as follows:
“Q The cause of your fall, then, was that you missed the step then, is that right?
“A * * * well, I suppose it would be.
* * *
“Q * * * what caused you to start to fall?
“A Well, I suppose missing the step * * *.
“Q You just forgot the step was there when you went back out, didn’t you?
“A I don’t know whether to say I forgot it was there or whether I just didn’t see it or what.”
There is also testimony as follows:
“Q The reason you fell then, was that you just didn’t see that step, isn’t that true?
“A No sir. The reason I fell is because the vestibule was not lighted—.”
The evidence in the record does not support her claim that the fact that the droplight in the vestibule was not on, or that it was so dark she could not see where she was going, contributed to this accident. During the half hour between 6:30 and 7:00 P.M., all of the events referred to took place. The sun did not set on this Spring *376 afternoon until 6:38 P.M. The hotel faced the west and the rays of the setting sun were streaming into the vestibule through the front glass doors at least up to that hour, and the afterglow must have furnished sufficient light for sometime thereafter. The street lights were being turned on and a light was on in the lobby. Plaintiff admitted that she could have seen the checkers on the floor of the vestibule had she looked down; that she saw the sign “USE OTHER DOOR” on the inner surface of the outside door to her right, and also the brass plate at the bottom of the outside door on her left. Moreover, she had testified in a deposition that the only thing she would have different about the door was the presence of a handle. According to her own testimony and admissions, neither the absence of light nor the condition of the outside door was the cause of her fall.
The only question posed by plaintiff’s complaint or testimony is whether the maintenance of the combination of door, threshold and step constituted negligence on the part of the defendant, who had the duty of ordinary care but was not an insurer of the safety of the plaintiff.
This question has been considered in cases cited in the briefs of plaintiff in error. In the case of Drake v. Lerner Shops of Colorado, Inc., 145 Colo. 1, 357 P.2d 624, plaintiff blamed a similar fall on a five-inch step outside the door of the defendant’s store as the proximate cause of injuries sustained. At the close of the plaintiff’s case, the trial court granted a motion for dismissal, which action this court affirmed.
In Garner v. Atlantic Greyhound Corporation, 250 N.C. 151, 108 S.E.2d 461, plaintiff fell from a concrete sidewalk with a six-inch perpendicular drop-off at one end of the entryway of defendant’s store. In that case, as here, there were no handrails or warning signs and the conditions were aggravated by the fact that the surface was slippery and uneven. The Supreme Court of North Carolina held that the defendant’s motion for *377 nonsuit should have been granted, and reversed the judgment of the trial court, finding that such a defect did not constitute negligence on the part of the store owner, nor did his failure to give warning constitute negligence. The court cited many cases holding that the mere difference in levels does not constitute negligence, stating:
“* * * the mere fact that * * * there was a drop-off of varying height at the sidewalk did not constitute negligence.”
The court also cited cases holding that a defendant has no duty to warn the plaintiff of a dangerous condition provided such a condition is obvious. In the instant case, even had the existence of the step been dangerous, there was no duty on the defendant to warn the plaintiff to that effect; it was obvious, and plaintiff had negotiated the step only a few moments before her fall. All the plaintiff had to do was to step down one step, which was obvious and of which she had knowledge, and she cannot now successfully contend that the mere existence of this step constituted negligence on the part of the defendant.
It was the burden of the plaintiff herein to establish by a preponderance of the evidence that the defendant was negligent and that his negligence proximately caused the injuries which plaintiff suffered. The language and the citations therein, from the opinion in Grand Junction v. Lashmett, 126 Colo. 256, 247 P.2d 909, are most appropriate in this case. There the court said:
“At the outset it is well to recall that negligence is never presumed, but must be proven by a preponderance of the evidence. Proof of the happening of an accident or the occurrence of an injury alone raises no inference of negligence. Home Public Market v. Newrock, 111 Colo. 428, 432, 142 P. (2d) 272; Saliman v. Silk, 118 Colo. 220, 222, 194 P. (2d) 304. ‘It is fundamental that the mere happening of an accident does not raise *378 any presumption of negligence.’ Maloney v. Jussel, 125 Colo. 125, 241 P. (2d) 862, 867.”
In the same case, this court also stated:
“* * * Where, however, as here, the evidence is not in conflict and there is no dispute as to the facts of the case, the issue on the question of negligence is resolved into one of law for determination by the court. * *
In Gordon v. Clotsworthy, 127 Colo. 377, 257 P.2d 410, it is stated:
“* * * To be liable, the defendant in this case must be shown to have been negligent in some act or omission which proximately caused plaintiff’s injury. The burden of proof of negligence rests upon the party who asserts it, and such burden cannot rest on surmise, speculation or conjecture, but must be grounded on substantial evidence. Coakley v. Hayes, 121 Colo. 303, 306, 215 P. (2d) 901.”
As I understand the majority opinion, it is also addressed to the “law of the case” as announced in the previous opinion of this court appearing in Blackburn v. Tombling, 148 Colo. 161, 365 P.2d 243. The language used in this regard is most significant in that it expressly states that, “there was no direct comment by the court and no express holding on the question of the sufficiency of the evidence to charge Blackburn with negligence nor did we express any opinion as to whether Tombling’s conduct constituted contributory negligence as a matter of law.”
I submit that an examination of authority reveals some general statements to support the view of the majority opinion. My study of the cases on this point, however, leads me to a contrary conclusion. In the interest of brevity, and such is a legitimate limitation of the license of a dissenter, I submit the controlling law to be, simply stated, as follows: The first opinion becomes the law of the case only if and when the court decided the propositions presented. In the instant case the first opinion is silent on the principal issue now *379 before the court, namely, proof of negligence on the part of Blackburn under the circumstances here presented. In fact, the first opinion, at page 162, stated:
“* * * -yye deem it necessary to consider only two points upon which we ground a reversal of the judgment.”
This was a most proper and succinct method of disposition of the case.
The issue of “the law of the case” has been dealt with on numerous occasions and I deem it appropriate to make reference to some of the authority.
In Nathanson v. Murphy, 147 Cal. App.2d 462, 305 P.2d 710, the court said:
“The doctrine of the law of the case is that where on appeal the court, ‘in deciding the appeal, states in its opinion a principle or rule of law necessary to the decision, that principle or rule becomes the law of the case and must be adhered to throughout its subsequent progress, both in the lower court and upon subsequent appeal.’ Tally v. Ganahl, 151 Cal. 418, 421, 90 P. 1049, 1050. * * (Emphasis supplied.)
In Allen v. Cal. Mutual B. & L. Ass’n., 22 Cal.2d 474, 139 P.2d 321, the court stated:
“It is a rule of general application that all questions and issues adjudicated on a prior appeal are the law of the case upon all subsequent appeals and will not be reconsidered. * *
I also quote from 5 Am. Jur.2d Appeal and Error, § 746, as follows:
“The doctrine extends only to legal issues decided on the former appeal. * *
Where on former appeal one party presented two propositions in support of the judgment, and decision on the first required reversal, but the court decided both, its judgment as to the second was not obiter dicta, but res judicata on second appeal. Harvey v. Rogers, 174 Ky. 176, 191 S.W. 894.
*380 I note with special interest the acknowledgment in the majority opinion that the two Colorado cases cited therein were concerned with questions that had been directly and expressly ruled upon in the first opinion. In fact, in the one case the second opinion quoted the language of the first opinion in making reference thereto. Thus, it is my understanding of the cases cited that they are not applicable to the issue now before the court.
I am deeply concerned for the cause of litigants finding themselves in the position of the plaintiff in error in this case. It appears to me that he had absolutely no warning or suggestion that he was not entitled to a full retrial and appeal under the uusual rules applicable to his case. This concern takes on meaning of special magnitude when the question as to “the law of the case” is not even raised by the defendant in error.
In the first Blackburn case, supra, the court specifically limited its consideration to the two assignments of error relative to procedural matters. The law of the case, as related to these two errors, was established by the first case. It was not established as to the negligence of either party, or any facts developed at the second trial, by any finding from which the opinion of this court might be inferred as to such negligence or other evidence.