SAVOY, Judge.
This case, and the companion case of Damico v. U. S. Fidelity and Guaranty Co., 230 So.2d 429, (La.App. 3 Cir. 1969), arose out of a rear-end collision which occurred at noon on April 8, 1968, on Louisiana Highway 8 in LaSalle Parish, Louisiana, involving a 1963 Chevrolet automobile owned by Anthony J. Damico and being driven by his wife, Hula H. Damico, and a 1964 Ford Ranchero owned by D. G. (E. G.) Tanner *427 and being driven by his wife, Dorothy B. Tanner.
Plaintiffs in the instant case are Mrs. Beatrice Pat Boyd, guest passenger in the Tanner vehicle, and her husband, William K. Boyd, who sues for damages to the community. The Tanner vehicle was uninsured. The Damico vehicle was covered by liability and uninsured motorist insurance issued by U. S. Fidelity and Guaranty Company. Mr. and Mrs. Boyd held a liability insurance policy issued by Employer’s Fire Insurance Company covering an owned vehicle not involved in the accident which provided uninsured motorist coverage. Mr. and Mrs. Boyd joined as defendants all other parties mentioned above.
Defendants, Mr. and Mrs. Damico and U. S. Fidelity and Guaranty Company, denied liability; and in the alternative, im-pleaded Mr. and Mrs. Tanner for one-half of any judgment rendered against them. Employer’s Fire Insurance Company denied liability; and alternatively, impleaded Mr. and Mrs. Tanner for the full amount of any judgment rendered against it.
In the companion case Mr. and Mrs. Da-mico sued Mr. and Mrs. Tanner, and their own insurer, United States Fidelity and Guaranty Company, under the uninsured motorist clause. United States Fidelity denied liability; and alternatively, counter claimed for an assignment of rights against Mr. and Mrs. Tanner upon payment of any judgment to plaintiffs.
Prior to the trial, Mr. and Mrs. Boyd compromised and settled their claim with the two insurance companies, receiving $2,-500.00 from each, and assigning all rights. The two companies stipulated in the agreement that Employer’s would reimburse United States Fidelity the sum of $2,500.00 if the court concluded that the accident was the result of the sole negligence of Mrs. Tanner; that United States Fidelity would reimburse Employer’s $2,500.00 if the accident was the result of the sole negligence of Mrs. Damico; and that if the accident was held to be the result of the joint and combined negligence of both drivers, neither company would reimburse the other for any sums paid in settlement of the Boyd claims. Both companies also reserved all rights to proceed against Mr. and Mrs. Tanner. The insurance companies were substituted as parties plaintiff to the extent of their subrogation rights.
After trial on the merits, the district court found both drivers were guilty of negligence which proximately caused the accident. Judgment was entered for Employer’s, as assignee of Mr. and Mrs. Boyd, against Mr. and Mrs. Tanner for $2,500.00; and all other claims in both consolidated cases were rejected. From adverse judgments United States Fidelity and Mr. and Mrs. Damico have appealed to this Court. Mr. and Mrs. Tanner filed an answer to the appeal.
The record shows that the accident occurred at noon on April 8, 1968, on Louisiana Highway No. 8, approximately thirteen miles south of Jena, Louisiana, at a point .3 mile north of the Little River Bridge, in LaSalle Parish. Prior to the accident both vehicles were proceeding in a northerly direction. Just north of the Little River Bridge the highway curves sharply and then is straight and level for a distance of approximately .4 mile. Apparently because of the rain and water on the road, Mrs. Damico’s car had motor trouble, and her automobile was stopped about half way of the straight stretch of the highway in the northbound lane of traffic. In the area of the accident, the unpaved shoulder next to the northbound lane was approximately two to three feet wide, and there were borrow pits on both sides of the highway. The highway is paved with concrete some eighteen feet wide. It was raining at the time of the accident, and the weather was overcast. The speed limit in the area was sixty miles per hour.
Mrs. Tanner testified that she was driving the community owned Ranchero on a community mission at thirty to thirty-five miles per hour; that it was raining; that as she completed the curve, she saw the *428 Damico automobile, but thought that it was moving; and as she approached closer, she realized the forward car was in a stopped position; that she put on her brakes and her car skidded as though it had no brakes into the rear of the Damico car. She also testified she could not pass to the left because of a bread truck approaching from the north. She did not see any lights on the Damico automobile.
Mrs. Damico testified that it was raining very hard; she was-driving twenty to twenty-five miles per hour, with her headlights on; and that the car’s motor began to miss and stopped on her. She cranked the motor again and again, to move forward some distance. She was not sure whether her car was stopping or had completely stopped at the point of the impact. This was the first time the car had given her such trouble, and it began about five minutes before the time of the impact. She did not see the approach of the vehicle from the rear until just before the accident.
Mr. Elbert A. Smith, a driver for Holsum bakery, was driving a bread truck in a southerly direction and noticed the Damico car as he completed a curve, at a distance of about .2 mile. He testified the car was then stopped at about mid-way of the .4 mile straight stretch of the highway. He was driving thirty to thirty-five miles per hour; and as he approached the stopped car, he saw the Tanner vehicles as it began to slide a distance of twenty to thirty feet into the rear of the stopped car.
The State Trooper who investigated the accident testified that both vehicles were located on the northbound lane of traffic at the time of the collision, at a point .3 mile north of the Little River Bridge. He testified there was a distance of several hundred feet from the curve just north of the bridge to the point of the accident.
This Court agrees with the holding of the district court that Mrs. Tanner was negligent in failing to observe that the forward car was stopped in time to avoid running into it. Although it was raining, and the weather was overcast at the time of the accident, it was day time, and there was nothing to obstruct Mrs. Tanner’s view of the stopped car in the highway ahead. She admitted seeing the forward car after, she completed the curve, but she failed to realize it was stopped, and she proceeded forward at thirty-five miles per hour and took no action to slow or stop her vehicle until she applied her brakes just before reaching the stopped car, when she was about twenty to thirty feet from it. She had .ample time and opportunity to notice the position of the forward car, as the record shows that the car was in view as she drove a distance of several hundred feet after passing the curve north of the bridge. The driver of the bread truck observed the stopped car about mid-way in .4 mile straight stretch of the highway when he completed the curve to the north at a distance about .2 mile, and there was no reason why Mrs. Tanner could not have made the same observation.
It is well settled that a motorist has the duty to discover another vehicle in the road ahead of him if such discovery can be made by the exercise of ordinary and reasonable care. The facts of this case fall within that general rule, and we find that Mrs. Tanner should have observed the stopped car and taken appropriate action to avoid the accident.
The next issue for consideration is whether or not Mrs. Damico was guilty of negligence which was a proximate cause of the accident. The district court held that she was negligent in allowing her car to bloct- the road without at least pulling partially off the road and without turning on her lights or getting out to flag approaching traffic. After carefully considering the facts of this case, this Court finds it cannot agree with this holding of the district court.
Under the provisions of LSA-R.S. 32:141 (B) the driver of a disabled vehicle is required to “remove the vehicle as soon as *429 possible, and until it is removed it is his responsibility to protect traffic.”
The record shows that Mrs. Damico began having trouble with the motor of her car, which began missing only about five minutes before the time of the accident. During this time, she proceeded forward a distance, with the motor stopping and starting. She reached the position where her car was struck only a short time before the accident, and did not get out of the car, but continued to try to get it started again. It was not possible for her to pull off the road to the right completely as the unpaved and wet shoulder was only two or three feet wide. Since it was day time and her car was stopped on a straight portion of the highway, she had a right to assume that anyone driving on the highway would be able to observe her. In view of the short period of time involved, we believe Mrs. Damico was taking reasonable action in trying to get the motor of her car started again so that she could proceed forward. The question is whether or not Mrs. Da-mico was negligent in unreasonably obstructing the highway without adequately warning approaching traffic. Considering the facts and circumstances of this case, this Court does not find that her actions constituted such negligence.
Accordingly, this Court holds that the sole proximate cause of the accident was the negligence of Mrs. Tanner. In view of this holding, it is not necessary for us to consider the issue of last clear chance.
In view of the stipulation in the settlement of the Boyd claims, judgment will be entered in favor of United States Fidelity and against Employer’s in the amount of $2,500.00; and the judgment in favor of Employer’s against Mr. and Mrs. Tanner will be amended by increasing it from $2,-500.00 to $5,000.00. In the companion case, Mr. and Mrs. Damico will be granted an award for damages according to the evidence presented.
For the reasons assigned, the judgment of the district court is reversed and judgment is rendered in favor of United States Fidelity and Guaranty Company and against Employer’s Fire Insurance Company, in the sum of $2,500.00; the judgment is amended by increasing the award in favor of Employer’s Fire Insurance Company, as as-signee of William K. Boyd and Mrs. Beatrice Pat Boyd, against D. G. (E. G.) Tanner and Mrs. Dorothy B. Tanner, in solido, from $2,500.00 to $5,000.00; all costs of court in the district court and on appeal are assessed one-half to Employer’s Fire Insurance Company and one-half to Mr. and Mrs. Tanner. The judgment of the district court is affirmed in all other particulars.
Affirmed in part, amended in part, reversed in part and rendered.