SAVOY, Judge.
This is a companion case to Boyd, et al v. Damico, et al, 230 So.2d 425, (La.App. 3 Cir. 1969). The issue of liability was discussed in the opinion of that case, and the only remaining issue involves quantum.
The record shows that Mrs. Damico saw Dr. Thomas M. Reed, general practitioner, in Alexandria, Louisiana, on April 9, 1968, and May 1, 1968. Dr. Reed testified on deposition that the physical examination on April 9, 1968, was essentially negative, except for some tenderness over the proximal portion of the left clavicle, which was not severe. There were no significant findings. Mrs. Damico had no ecchymosis or bruises in the area. She had no cuts or lacerations. There was no evidence of muscle spasm or limitation of motion of the neck. X-ray findings were negative. He diagnosed her injury as a mild sprain of the sternoclavicular joint on the left side. No treatment or medication was prescribed on the first visit. On May 1, 1968, Mrs. Damico complained that the pain over the left side of the clavicle had become worse .about ten days earlier. Dr. Reed’s examination and findings on that visit were essentially the same as the first visit. The doctor prescribed aspirin or pain pills. It was his opinion that Mrs. Damico should have recovered from the injury in about six weeks from the date of the accident.
Mrs. Damico testified that both her rib cage and neck bothered her after the accident. She stated her rib cage gave her trouble for two months, or better, from the accident, and that her neck still bothered her at times up to the time of the trial.
Considering the nature of the injuries received by Mrs. Damico, we feel she is entitled to an award in the amount of $750.-00 for her pain and suffering.
The evidence establishes special damages of $15.00 as medical paid Dr. Reed, and $100.00 as the deductible expense for repairing the community car. Plaintiff, Anthony J. Damico, is entitled to judgment against Mr. and Mrs. Tanner for these community expenses. United States Fidelity and Guaranty Company is not responsible for payment of these expenses under the uninsured motorist coverage, as it has paid the medical under the medical coverage, and the uninsured motorist pro *431 vision does not cover the damages to the insured vehicle.
For the reasons assigned above and in the companion case of Boyd, et al v. Da-mico, supra, the judgment of the district court is reversed, and judgment is hereby rendered in favor of Dorothy B. Tanner and against defendants, United States Fidelity and Guaranty Company, D. G. (E. G.) Tanner and Dorothy B. Tanner, in solido, in the sum of $750.00, plus legal interest from date of judicial demand, until paid, and for all costs of court in the district court and appellate court. It is further decreed that United States Fidelity and Guaranty Company shall be assigned all rights in the judgment against the co-defendants, D. G. (E. G.) Tanner and Dorothy B. Tanner, in solido, to the extent of its payment hereunder to plaintiff, Mrs. Dorothy B. Tanner. Judgment is further rendered in favor of plaintiff, Anthony J. Damico, and against D. G. (E. G.) Tanner and Dorothy B. Tanner, in solido, in the sum of $115.-00, plus legal interest from date of judicial demand until paid. That portion of the judgment of the district court rejecting the demands of Anthony J. Damico as against United States Fidelity and Guaranty Company is affirmed.
Affirmed in part, reversed in part and rendered.