BARNETTE, Judge.
This is a suit in tort arising from a vehicular collision which occurred on May 17, 1974 shortly after 4:30 P.M. Mary W. Pitts, while having mechanical difficulty with her car, was struck from behind by the plaintiff, Willie Butler. Plaintiff now brings suit against Travelers Indemnity Company, Mrs. Pitts’ insurer, for personal injuries and special damages, as a result of the collision.
Both parties to the accident were traveling north on Interstate 10 approximately one mile north of the Government Street exit in Baton Rouge. I — 10 in the vicinity of the collision is an elevated, controlled-access highway comprised of four north bound lanes. It was a clear day. The concrete road surface was dry, straight and level, and the posted speed limit was 50 miles per hour. Both parties were in the right center lane of the four lanes. *252 The traffic was congested and vehicles were present in both adjoining lanes.
Mrs. Pitts testified that she entered the Interstate from Washington Street. After getting on the Interstate her car began cutting out. It sputtered along for an estimated four or five minutes but had begun picking up speed as the plaintiff struck her. She denied having been completely-stopped either earlier or immediately before the collision.
Likewise, the plaintiff, Willie Butler, had entered the Interstate Highway at Washington Street. He testified that he was traveling 35-40 miles per hour in the “middle lane” about two car lengths behind another car. He did not see the Pitts car until the preceding car switched lanes to avoid a collision. He stated that he was “almost up on her” before seeing her and that she was stopped. The plaintiff further testified that he could not avoid the accident by changing to either the right or left adjacent lanes because of the presence of other traffic. He stated that at this point he then “jammed” on his brakes and slid into the Pitts car.
Also riding in Butler’s car were two guest passengers, Harold Collins, a friend, and Geraldine Butler, plaintiff’s wife. Only Mrs. Butler’s testimony is in the record before us. She testified as to the heavy traffic to either side of plaintiff’s car. Mrs. Butler also stated that Mrs. Pitts was stopped and that she first saw the Pitts car as her husband applied his brakes.
The plaintiff contends that Mrs. Pitts violated La.R.S. 32:141 and that her negligence in so doing was the proximate cause of the accident and his resultant injuries. La.R.S. 32:141 reads as follows:
“Stopping, standing or parking outside business or residence districts.
“A. Upon any highway outside of a business or residence district, no person shall stop, park, or leave standing any vehicle, whether attended or unattended, upon the paved or main traveled part of the highway when it is practicable to stop, park or so leave such vehicle off such part of said highway, but in every event an unobstructed width of the highway opposite a standing vehicle shall be left for the free passage of other vehicles and a clear view of such stopped vehicles shall be available from a distance of two hundred feet in each direction upon such highway.
“B. The provisions of this Section shall not apply to the driver of any vehicle which is disabled while on the main traveled portion of a highway so that it is impossible to avoid stopping and temporarily leaving the vehicle in that position. However, the driver shall remove the vehicle as soon as possible, and until it is removed it is his responsibility to protect traffic.
“C. The driver of any vehicle left parked, attended or unattended on any highway, between sunset and sunrise, shall display appropriate signal lights thereon, sufficient to warn approaching traffic of its presence. Acts 1962, No. 310, § 1.”
The trial court, after considering the testimony and demeanor of the witnesses before it, found that:
“. . . [T] he plaintiff has failed to establish, one, that she [Mrs. Pitts] was actually stopped at the time of the collision, and, two, that if she was, in fact, stopped that she had time in which to set out reasonable signals and take precautionary steps to avoid the accident.”
Thus, the trial court found that the plaintiff failed to, one, establish by a preponderance of the evidence that Mrs. Pitts was stopped at the time the collision occurred so as to invoke the applicability of *253 R.S. 32:141; or, two, that even if she was in fact stopped, the plaintiff failed to show by a preponderance of the evidence that Mrs. Pitts failed to remove the vehicle as soon as possible or that she had time to reasonably discharge whatever responsibility the statute imposed upon her in such emergency to protect other motorists on the highway. How much time the disabled motorist has to remove his vehicle and/or to make an effort to protect other persons, and what constitutes an adequate warning to other drivers are questions that depend on the circumstances of each situation. Riels v. Howell, 243 So.2d 280 (La.App. 3rd Cir. 1971); Boyd v. Damico, 230 So.2d 425 (La.App. 3rd Cir. 1969) and Phillips v. Garden, 211 So.2d 735 (La.App. 2nd Cir. 1968).
We can find no manifest error in the trial court’s above findings. The trial court noted the conflict in the testimony between Mrs. Pitts, on one hand, and the plaintiff and his wife on the other, as to whether Mrs. Pitts was actually stopped. Where there is a direct conflict of testimony between witnesses as here, it is within the peculiar competence of the trial court to decide who to believe and for this reason the manifest error rule is applicable on review of the facts on appeal.
In addition, it should be noted that there were some allegations that in the police report offered in evidence Mrs. Pitts stated that her car had come to a complete stop. As aptly noted by the trial court, Mrs. Pitts had actually stated in the original police report that her car had been stopped briefly but that she got it started and had begun to move.
The facts in this case make the decision in Boyd v. Damico, supra, particularly relevant. There the court said :
“The record shows that Mrs. Damico began having trouble with the motor of her car, which began missing only about five minutes before the time of the accident. During this time, she proceeded forward a distance, with the motor stopping and starting. She reached the position where her car was struck only a short time before the accident, and did not get out of the car, but continued to try to get it started again. It was not possible for her to pull off the road to the right completely as the unpaved and wet shoulder was only two or three feet wide. [Here she was prevented by traffic] Since it was day time and her car was stopped on a straight portion of the highway, she had a right to assume that anyone driving on the highway would be able to observe her. In view of the short period of time involved, we believe Mrs. Damico was taking reasonable action in trying to get the motor of her car started again so that she could proceed fo'rward. The question is whether or not Mrs. Damico was negligent in unreasonably obstructing the highway without adequately warning approaching traffic. Considering the facts and circumstances of this case, this Court does not find that her actions constituted such negligence.” (Emphasis added) 230 So.2d at p. 429
The plaintiff citing Gautreaux v. Pierre, 254 So.2d 476 (La.App. 3d Cir. 1971), further argues that “even if it were proven the Pitts’ vehicle was not completely stopped it was nontheless in a position which impeded the free passage of other vehicles on the Interstate and this interference alone would indicate negligence.” We must reject plaintiffs argument for, among other reasons, we do not agree with plaintiff’s interpretation of the Gautreaux opinion. Gautreaux was decided under R. S. 32:141. The defendants there were stopped. One parked his car in the center of the north bound lane of a two lane highway completely obstructing that lane. The other parked on the opposite shoulder with approximately one foot of his vehicle on the traveled (south bound) portion of the highway. It was dark and the vehicles *254 were unlighted. The court said “clearly the mandates of the statute [La.R.S. 32:141] were violated by both Pierre and Senegal since both parked their automobiles on the highway without benefit of warning lights, and such violation was negligence per se.” (Emphasis added) It should be noted .that display of signal lights is required only “between sunset and sunrise.” The Gautreaux case is not apposite to the facts in this case.
Counsel for plaintiff, appellant has argued that even if the Pitts vehicle was not completely stopped it was being operated in such manner as to impede the normal and reasonable movement of traffic. We take cognizance of La.R.S. 32:64 subd. B which prohibits the driving of “a motor vehicle upon the highways of this state at such a slow speed as to impede the normal and reasonable movement of traffic” but that does not apply in a situation of emergency absent some proof of negligence by the driver of such vehicle.
In making reference above to La. R.S. 32:141, we are cognizant that it is expressly limited in application to highways “outside of a business or residence district.” Chatagnier v. Allstate Insurance Company, 248 So.2d 590 (La.App. 3rd Cir. 1971). We take judicial notice that the location in question is well within the City of Baton Rouge and in an area near the downtown business district. It is our opinion, considering the intent and purpose of the statute, that the exception or limitation on its applicability does not apply to a section of the Interstate Highway system with controlled access, merely because the section in question is within the proximity of a business or residential district.
There is no manifest error in the factual findings of the trial court.
The judgment appealed is affirmed at appellant’s cost.

Affirmed.