JOHN S. COVINGTON, Judge.
This suit for personal injuries, loss of wages, and loss of earnings was tried on *1223 July 21, 1982 and taken under advisement; on June 28, 1983, the court assigned written reasons for judgment, holding defendant insured’s driver Harry Bridges negligent and plaintiff Cleveland Fletcher, Jr. not contributorily negligent. From the judgment read, rendered and signed July 26, 1983, defendant insurer suspensively, and in the alternative, devolutively, appealed timely.
The vehicular collision giving rise to this litigation occurred on July 2, 1980. A 1971 International fully loaded pulpwood truck owned by plaintiff Jesse E. Walker and being driven by plaintiff Fletcher struck a 1976 Ford fully loaded log truck owned by Charles Brown and being operated by Harry Bridges. The latter vehicle was insured by defendant Insured Lloyds.[1] The log truck had been traveling in a southerly direction on State Highway 63, headed in the direction of U.S. Highway 190, near the town of Livingston in Livingston Parish, about 11:30 a.m. on a clear, dry day. An air line on the truck’s braking system ruptured, causing the brakes to automatically lock and producing a sudden stop. Highway 63, a two lane asphalt surfaced road, did not have any shoulders at the area where the truck became disabled.
Bridges testified that he saw a brown automobile approaching him from the opposite direction as his truck stopped dead in the road and he decided to wait until the automobile passed him before getting out of the vehicle on the driver’s side to set flares to warn other motorists that his truck was disabled. He further testified that before the brown automobile came abreast of the disabled log truck, the pulpwood truck driven by Fletcher hit the log truck in the rear, totalling the former and injuring the driver.
Fletcher testified his truck was fully loaded with pulpwood and had been travel-ling at 45 m.p.h. in a 55 m.p.h. speed zone as it came out of a curve approximately 400 to 500 feet from the disabled Bridges truck. Fletcher further testified that he did not realize that the log truck was disabled when the same first came into his view. He added that when he realized the truck ahead of him was not moving, he thought about trying to pass the log truck; however, he saw a car approaching the stranded truck from the opposite direction and began applying his brakes but could not stop his loaded pulpwood truck “and so in order to keep from running over those people [in the car] ... just ran into the back of the truck.”
Both truck drivers testified that no flares had been placed on the roadway by Bridges and that Bridges was not out on the road trying to flag traffic. Their testimony regarding emergency flashing or warning lights on the Bridges vehicle is consistent, Fletcher stating that he did not see any “blinking because there wasn’t any” and Bridges stating they were not blinking after the collision but the brake lights are supposed to come on automatically “after the brakes are locked.”
Under cross-examination Bridges testified that he entered Highway 63 somewhere beyond the curve and the point of impact, stating: “... when I looked in my mirror there wasn’t nobody behind me because I just had pulled out [on] the road right beyond the curve and I was just taking off. I was in fourth gear when the line broke.” Bridges, a log truck driver for Brown for six years before the accident, admitted during cross-examination that he did not know whether he could stop a loaded pulpwood truck traveling at 45 m.p.h. within 500 feet. Trooper Jeffrey L. Diaz, the State Policeman who investigated the accident, stated his opinion that within the distance of 500 feet “At 45 miles an hour if everything is working properly that should be enough time to stop a vehicle” but admitted during cross-examination he had never driven a pulpwood truck, either loaded or empty, and really did not know whether he, the officer, could have stopped *1224 the pulpwood truck at 45 m.p.h. within 500 feet. Trooper Diaz admitted he was familiar with stopping distances of automobiles, the type of vehicles he “mainly” drove. Both truck drivers described the collision as Fletcher’s truck having “slid up and ... hitting [the log truck] in the back.” The investigating officer further testified, without objection, that Bridges told him during the investigation “he had been stopped about five minutes” before the wreck.
ASSIGNMENTS OF ERROR
Defendant-appellant assigns as error by the trial court its:
1. concluding that the driver of the log truck was guilty of negligence and his negligence was the sole cause of the accident; and
2. finding that the driver of the pulpwood truck was not contributorily negligent.
ISSUES
Defendant-appellant states the issues as being (1) whether the driver of the pulpwood truck “fulfilled the burden of proof required to exculpate himself from the presumption of negligence raised by a rear end collision” and (2) whether the pulpwood truck driver’s “contributory negligence ... constitutes a bar to any recovery” by him for personal injuries and his employer for property damages.
DISTRICT COURT
The trial judge in written reasons assigned, in pertinent part:
A careful review of all of the evidence and ... the authorities cited convinces the Court that the sole and proximate cause of the accident was the negligence of Harry Bridges, ... [He] stopped his truck in the road. He stayed in the cab of the truck and made no effort ... to warn the other vehicles on the road.... He could have gone to the rear of his vehicle and warned oncoming traffic by waving his arms.

... [Fletcher was] not confronted with an obvious emergency, because there [was] no flare, no sign, no person attempting to stop traffic, just a truck in the road. It would take the driver some time to determine that the truck was actually stopped in the road and then he must attempt to stop his loaded truck and this cannot be accomplished by a simple flick of a switch or the pushing of a button.
The Court is satisfied that Fletcher did all that was reasonably] possible to avoid this accident, but was unable to do so. (Brackets ours; underscoring by District Court.)
CAUSATION
Defendant-appellant, after stating that plaintiffs-appellees relied on La.R.S. 32:141 regulating stopped vehicles on highways, quoting from Butler v. Travelers Insurance Co., 323 So.2d 250, 252 (La.App. 1st Cir.1975), contends “... The application of the statutory and jurisprudential rules to the facts of this case makes it clear that plaintiff-appellee totally failed to produce any proof whatsoever to establish that the defendant-appellant[’s] driver ... was guilty of violating ... R.S. 32:141.” Defendant-appellant asserts that the emergency stop was not Bridge’s volitional act and that the Fletcher truck struck the Bridges truck before Bridges had time to take any action to warn oncoming motorists of his plight.
In Butler v. Travelers Insurance Co., supra, the applicability of La.R.S. 32:141 was invoked. In leaving undisturbed the trial court’s findings which resolved the conflicting testimony in favor of defendant's insured as to whether defendant’s insured was actually stopped and whether La.R.S. 32:141 was applicable, we observed, in pertinent part, as follows:
... How much time the disabled motorist has to remove his vehicle and/or to make an effort to protect other persons, and what constitutes an adequate warning to other drivers are questions that *1225 depend on the circumstances of each situation. ...
... Where there is a direct conflict of testimony between witnesses as here, it is within the peculiar competence of the trial court to decide who to believe and for this reason the manifest error rule is applicable on review of the facts on appeal.
In the present case the log truck insured by defendant-appellant had stopped, as found by the District Court and as testified to by Fletcher and Bridges, the drivers of the pulpwood truck and log truck, respectively. Appellees Fletcher and Walker have neither answered the appeal nor filed a brief in this court. However, in their brief filed in district court, appellees argued .that “there was a sudden emergency ... caused by the failure of Bridges’ truck ... and such an emergency could not have been reasonably anticipated by Fletcher who rounded the curve and saw the truck and ... thought ... the truck was still moving” but when he realized the log truck was stopped in the road he applied the brakes and tried to stop but was unable to do so. Appellees argued that if Bridges had simply exited his truck the open door of the truck “might have warned Fletcher that the vehicle was stopped rather than moving.”
Defendant-appellant’s post-trial brief anticipated that plaintiff-appellees would rely on La.R.S. 32:141 and excerpted Butler v. Travelers Insurance Co., supra, arguing that, based on the Butler principle, “it is clear ... that plaintiff is totally lacking in any proof ... to establish ... [Bridges] ... was guilty of violating ... R.S. 32:141.”
Arguing that “the conclusions of the Trial Judge are manifestly erroneous and, additionally, the Court did not properly construe and apply the controlling statutory principles and jurisprudence,” defendant-appellant urges us to overturn the findings of the Trial Court and rule in defendant’s favor. In support of its position, defendant-appellant cites Davis v. Owen, 368 So.2d 1052 (La.1979), Arceneaux v. Domingue, 365 So.2d 1330 (La.1978), Canter v. Koehring Company, 283 So.2d 716 (La.1973).
The Supreme Court, per Calogero, J., in Davis, supra, at 1056, reiterated the earlier pronouncements made in Arceneaux, supra, and Canter, supra, as follows:
In reviewing the questions of fact and conclusions of fact involved in this suit for damages, the Court of Appeal is mandated to leave undisturbed factual findings of the trial court based upon evidence which furnishes a reasonable factual basis for those findings, unless it finds manifest error. ... If ... the appellate court concludes that the trial court’s factual findings are clearly wrong, the mere fact that some record evidence appears which would furnish a reasonable factual basis for the contested findings does not require affirmance. ... (Emphasis by the Supreme Court.)
We have scrutinized the record and cannot say that the trial court’s findings are clearly erroneous. The record as a whole establishes that Bridges’ vehicle was stopped in the road, although not a volitional act on his part, and that he failed to take reasonable and prompt measures to warn oncoming motorists that his vehicle was disabled and apparently had been for about five minutes according to Bridges’ on scene statement to Trooper Diaz. Had he exited his truck on the passenger side as soon as he realized the vehicle was disabled by the broken air line, he probably could have averted the collision between the pulpwood truck and his truck by simply either placing his flares or waving his arms, or doing both, to warn motorists traveling in the same direction. He did nothing to warn other users of the highway, including Fletcher in his loaded pulpwood truck, that his truck was not moving, as Fletcher initially thought. Under Butler, the adequacy of warning to other motorists “depend[s] on the circumstances of each situation.” No warning at all certainly does not “constitute an adequate warning.”
CONTRIBUTORY NEGLIGENCE
Defendant-appellant argues that even if Bridges, the log truck driver, was,- negli *1226 gent, and his negligence was a cause of the accident, Fletcher, the pulpwood truck driver, was contributorily negligent, thus barring Fletcher’s recovering damages, and by imputation, barring Walker’s recovery for property damages and loss of earnings. For that argument, appellant relies of La. R.S. 32:81(A)(B) which states that:
A. The driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of such vehicle and the traffic upon and the condition of the highway.
B. The driver of a motor truck, when traveling upon a highway outside a business or residential district, shall not follow another motor truck within four hundred feet, but this shall not be so construed as to prevent one motor truck from overtaking and passing another.
Appellant relies on Eubanks v. Brasseal, 310 So.2d 550 (La.1975) for its teachings as to the burden of proof and the justification “for failing to comply with these [R.S, 32:81(A)(B)] prohibitory standards * * *.” The principles reiterated in Eubanks, supra, do not help defendant-appellant when applied to the facts of the present case and for that reason Eubanks is factually distinguishable. Appellant correctly states that plaintiff “bears the burden of proof to establish negligence on the defendant driver as well as to free himself from negligence.” The accident forming the basis of this suit occurred before the effective date of the comparative negligence statute.
In Covington v. Hughes, 402 So.2d 198, 200 (La.App. 1st Cir.1981), we stated the jurisprudential rules as follows:
It is well settled that a following motorist is presumed negligent if he collides with the rear of a leading motorist, and bears the burden of exculpating himself from the inference of negligence, (citation omitted.) To overcome this presumption, the following motorist must prove that he kept his vehicle under proper control, closely observed the forward vehicle, and followed at a safe distance under the circumstances. Eubanks v. Brasseal, 310 So.2d 550 (La.1975). Following motorists have escaped liability for rear-end collisions by establishing that the ... unpredictable driving of the preceding motorist created a sudden emergency that the following motorist could not reasonably have anticipated, Baptiste v. Granada, 387 So.2d 1235 (La.App. 1st Cir.1980). ...
In Baptiste v. Granada, supra, we affirmed the trial court’s holding that plaintiff’s evidence overcame any presumption of fault on his part and showed that he did not negligently contribute to the accident. We reasoned, in part, as follows:
... [T]he presumption of fault on the following motorist may be overcome by showing that the following motorist was put in a “sudden emergency” situation to which he has not negligently contributed and during which he used the best judgment under the circumstances, (citation omitted.) The facts established by the record reveal that Miss Granada created a sudden emergency situation ... and that Mr. Baptiste did all that he could under the circumstances, but was just unable to brake his car in time to avoid striking the immediately preceding ... vehicle which stopped abruptly ...
Defendant-appellant’s reliance on La.R.S. 32:81(A) and (B) and the jurisprudence interpretive thereof, is misplaced. Fletcher’s pulpwood truck was not a “following vehicle” within the intendment of Section 81. Bridges entered Highway 63 between the curve and the place where the log truck’s braking system locked, effectively stopping the vehicle quickly. Bridges, by his own admission, “was just taking off” after entering the highway “when the line broke,” stopping the log truck. Fletcher, who was coming from another stretch of the road, before the beginning of the curve around which he came, was unaware of the presence of the log truck on Highway 63 until he rounded the curve. Even as he initially saw the truck he thought it was moving. When he determined that it was not moving he applied his brakes but was not able to stop his vehicle.
*1227 In the present ease the judge evaluated the evidence and concluded that plaintiff-appellee, Fletcher, did all that was reasonably possible under the circumstances to avoid the collision but the accident happened despite his best efforts. In evaluating the credibility of testimony given by Bridges and Trooper Diaz, it is obvious that the court believed that Bridges told Trooper Diaz at the scene of the accident that the log truck had been stopped about five minutes before the collision. No objection was made when the officer testified regarding Bridges’ out of court statement to him in the performance of the trooper’s official duties.
On review we are required to give great weight to the factual findings of the trier of fact. Arceneaux v. Dominque, supra. The record, as a whole, establishes that Fletcher acted reasonably and prudently under the circumstances. Thus, we conclude that the factual findings are not clearly erroneous.
CONCLUSION
The court found that defendant-appellant’s insured, Bridges, was negligent and that his negligence was the sole and proximate cause of the accident. Additionally, the judge made a specific finding that plaintiff-appellee, Fletcher, did all that was reasonable under the circumstances to avoid the accident but was unable to do so. This finding speaks loudly that Fletcher was not contributorily negligent. The record supports the findings in all respects. Accordingly, the judgment appealed from is affirmed. Defendant-appellant, Insured Lloyds, is cast for all costs in the district court and on appeal.
AFFIRMED

. Neither the Ford truck owner, Charles Brown, nor the truck driver, Harry Bridges were named as parties defendant.