hDECUIR, Judge.
Plaintiffs, Lou Ann Sanders; her daughter, Sharlee Deshotel; and Kim, Cannon, and Dillon Felice, filed suit against Sean Johnson and his insurer, Allstate Insurance Company, for damages arising from an automobile accident. After a bench trial, judgment was rendered in favor of the defendants. Plaintiffs appeal and we affirm.
The accident occurred on a clear day in October in the middle of the afternoon. Sanders was driving her 1981 Oldsmobile Cutlass on La. Hwy. 171 when it stalled on the Calcasieu River bridge. The car stalled on an inclined portion of the highway |2that does not have a shoulder or emergency lane. Johnson rear-ended the Sanders vehicle when he was unable to change lanes or come to a complete stop behind Sanders’ car. Sharlee, Kim, and Dillon were passengers in Sanders’ vehicle at the time of the accident.
Sanders and Kim Felice testified that they watched Johnson’s vehicle approaching and anticipated that he would be unable to avoid hitting them. Johnson testified that a minivan preceded him and blocked his view of Sanders’ car; when the minivan abruptly swerved to the left, Johnson saw the car and applied his brakes. The impact was slight.
The plaintiffs presented the testimony of an accident reconstruction expert who estimated the impact speed to be seven miles per hour. In his opinion, the accident was caused by Johnson following the minivan too closely; once the minivan moved into the other lane, Johnson saw Sanders’ stalled car and did not have sufficient time to stop. The defendants offered the opinion of an accident reconstruction expert whose testimony was presented to show the biomechanical effects of a low impact collision. He reviewed the evidence tending to show how slight this collision was *262 and stated that injuries from such a collision are improbable.
In dismissing the suit, the trial judge issued written reasons for judgment. She found the plaintiffs failed to comply with the requirements of La.R.S. 32:141(B), which hold the driver of a disabled vehicle left in the roadway responsible for the protection of traffic. Specifically, she determined the Sanders’ vehicle did not have its hazard lights engaged after it stalled, and she concluded that Sanders and her three passengers remained in the vehicle for twenty minutes trying to get it started before the accident occurred. As an aside, the trial judge noted her determination that the plaintiffs lacked credibility. Resolution of disputed factual matters such as these rests Ron the circumstances of each case and the credibility of the witnesses. Butler v. Travelers Ins. Co., 323 So.2d 250 (La.App. 1 Cir. 1975).
Concerning the actions of Johnson, the trial judge found that he was neither speeding nor following too closely. She made the following factual determination:
The Plaintiffs failure to warn oncoming traffic was the cause of the minivan changing lanes at the last minute. The Plaintiffs’ inaction created that situation and put the Defendant in a situation of sudden emergency. Although following too close is certainly inappropriate, its role as a contributing factor to this accident under the circumstances of this case, was ne .igible and not susceptible to quantification.
ANALYSIS
At the time of this accident, Sanders was in the exact situation contemplated by the legislature when it enacted La.R.S. 32:141(B). She stopped her vehicle when it became disabled while on the main traveled portion of the highway, and it was impossible to avoid stopping and temporarily leaving the vehicle in that position. While a driver in this situation is not necessarily at fault in causing an accident, the driver does have responsibilities articulated in the statute: “[T]he driver shall remove the vehicle as soon as possible, and until it is removed it is his responsibility to protect traffic.” Conversely, La.R.S. 32:81(A) prohibits a driver from following another vehicle more closely than is reasonable and prudent.
Counsel for the plaintiffs have cited cases which hold a driver at fault for rear-ending a stalled vehicle. See Bordelon v. South Cent. Bell Tel. Co., 617 So.2d 1337 (La.App. 3 Cir. 1993); Toten v. General Motors Corp., 479 So.2d 957 (La.App. 3 Cir. 1985). Indeed, the jurisprudence is replete with cases which hold rear-ending drivers responsible for accidents involving stopped vehicles. There is, in fact, a presumption of negligence on the part of such drivers. Ly v. State Through Dep’t. of Pub. Safety and Corrs., 633 So.2d 197 (La.App. 1 Cir. 1993); writ denied, 93-3134 (La.2/25/94); 634 So.2d 835. The facts of each case, however, must be examined to determine if, one, the plaintiff fulfilled his duty to protect traffic and, two, the defendant’s actions were such that negligence, though initially presumed, cannot be found. Factual findings of the trial court will not be disturbed on appeal in the absence of manifest error. Rosell v. ESCO, 549 So.2d 840 (La.1989).
The trial judge found as a matter of fact that the plaintiffs remained in the vehicle for twenty minutes without flagging traffic and without hazard lights on. They took no action to warn or protect traffic, and they did nothing in furtherance of removing the vehicle other than the driver’s repeated fruitless attempts to start the car. The trial judge noted that once the accident took place, Johnson had no trouble flagging another motorist for assistance in getting the Sanders vehicle off the bridge. While the testimony was somewhat ambiguous concerning both the length of time the ear was stalled and Sanders’ use of the hazard lights, we have reviewed the record in detail and cannot say the trial judge was clearly wrong in *263 her factual findings and credibility determinations.
Similarly, we cannot say the trial judge erred in finding Johnson exculpated himself of liability under La.R.S. 82:81(A), which prohibits a driver from following another vehicle more closely than is reasonable and prudent. The record contains no evidence that he was speeding or not in control of his vehicle; Johnson testified that he saw Sanders’ car as soon as the minivan moved to the left, and he applied his brakes immediately. The evidence indicates Johnson came within inches of stopping and impacted Sanders’ car only slightly. We find no manifest error in the trial court’s finding of no liability on the part of Johnson.
The facts of this case are similar to those discussed in Hi-Tech Timber Co. v. Valley Elec. Membership Corp., 94-1033 (La.App. 3 Cir. 2/1/95); 649 So.2d 1203; writ denied, 95-0568 (La.4/21/95); 653 So.2d 571. In that case, this court affirmed a jury finding of fault on the part of an electric contractor whose employees blocked a roadway while replacing a pole. The crew did nothing to warn or protect traffic while the road was blocked. The truck driver who came upon the work site, but who was unable to come to a stop in time to avoid an accident and thus landed in a steep ditch, was found free from fault. This court reviewed the evidence adduced at trial and concluded the jury was not clearly wrong nor did it commit manifest error in its allocation of fault.
Similarly, our review of the record in these consolidated cases reveals no manifest error in the conclusions reached by the trial judge. Accordingly, we affirm the judgment rendered by the trial court. Costs of this appeal are assessed against the plaintiffs.
AFFIRMED.