## No. 16,048

### Saliman *v*. Silk.

(194 P. [2d] 304)

Decided May 10, 1948.    Rehearing denied June 1, 1948.

Messrs. Wolvington & Wormwood, Mr. Theodore Epstein, for plaintiff in error.

Messrs. Stone, Rice & Mancini, Messrs. Collier & Collier, Mr. W. B. King, for defendant in error.

*In Department.*

Mr. Chief Justice Burke delivered the opinion of the court.

Plaintiff in error is hereinafter referred to as Saliman and defendant in error as Silk.

While Silk, for a wholesale house, was delivering

goods to the basement of Saliman, a retailer, a door over the stairway leading thereto fell inflicting upon him a skull fracture. Charging that injury to the negligence of Saliman he brought this suit for $50,000 damages, plus expenses. On a verdict in his favor for $5,000 the judgment was entered, to review which Saliman prosecutes this writ. At the proper time he moved for summary judgment, for dismissal, for directed verdict, and for a new trial; which motions were overruled. His six assignments go to those rulings, but the fifth, i. e., insufficiency of evidence, covers every question argued and its disposition answers all. Saliman's theory is that only by resort to the maxim "res ipsa loquitur" (the occurrence speaks for itself) can the verdict be supported, and that under the admitted facts the maxim has no application. In both those contentions we think he is correct.

The entrance to Saliman's basement was through an opening in the sidewalk covered by flat-folding steel doors, thence down a short stairway. These doors were usually kept open and so held by chains hooked into adjoining walls. Silk had been making similar deliveries once each week for approximately one year and had always found the doors so fastened open. When not so hooked they would fall; if so fastened they could not. They were usually opened each morning by Saliman's porter. About 9:00 a. m. of the day in question Saliman found the doors thus fastened open. Approximately one hour later Silk came with his delivery, found them in the same condition, made two trips down the stairs with his helper and was making the third when one of the doors dropped striking him on the head and inflicting the injury complained of. There is no shred of evidence to explain the falling of the door. If this was a mysterious and unavoidable accident, or if some passing miscreant or mischievous youth, or Silk or his helper, released the hook Saliman, of course, is not responsible. There is some argument that Saliman's negligence is fixed " under general principles," since the door was on

his premises and under his control and unless securely fastened was a source of peril to anyone using the entrance. If those facts were sufficient to fix responsibility the same would be true of any other of a thousand conceivable catastrophies as to any one of which reason requires and the law demands that some special element of negligence must be established. This record discloses none. Be that as it may, say counsel for Silk, the facts justified the application of the maxim and so fixed the liability of Saliman. Perhaps if applied it fixes the responsibility of Silk.

■ The maxim is a rule of necessity applicable only when there is no other reasonable inference. When it can, with equal reasonableness, be inferred that the accident in question was due to another cause than the negligence of defendant, the doctrine cannot be invoked. *Yellow Cab Co. v. Hodgson*, 91 Colo. 365, 14 P. (2d) 1081.

■ ■ The mere happening of this accident does not justify recourse to the rule. It must further appear that "in the light of ordinary experience it is without explanation except on the theory of negligence" of Saliman. *Berkens v. Denver Coca-Cola Co.*, 109 Colo. 140, 122 P. (2d) 884. No presumption of negligence on Saliman's part arises from the mere fact that Silk was on his premises when injured. *Home Public Market v. Newrock*, 111 Colo. 428, 142 P. (2d) 272; 38 Am. Jur., p. 1004, §307. The door was fastened shortly before the accident. If not it would have fallen. No one save Silk and his helper is shown to have been near it thereafter. They passed through it at least four times immediately preceding its fall. If the maxim were at all applicable here it would fix responsibility on Silk, not Saliman.

The judgment is reversed and the cause remanded with directions to dismiss at the cost of Silk.

Mr. Justice Jackson and Mr. Justice Luxford concur.