No. 16,256.

IACINO *v.* BROWN.
(217 P. [2d] 266)

Decided March 20, 1950. Rehearing denied April 24, 1950.

Mr: CHARLES R. ENOS, BERNICE M. BUCHLER, for plaintiff in error.

Mr. EUGENE MADDEN, Mr. FRANKLIN A. THAYER, for defendant in error.

*In Department.*

MR. JUSTICE HOLLAND delivered the opinion of the court.

ON November 17, 1947, defendant in error Brown, as plaintiff, filed a complaint in the district court against defendant Iacino for damages, alleging that defendant carelessly and negligently drove his automobile into the rear of an automobile owned by plaintiff while plaintiff was occupying the car then properly parked on the right side of the street, and as a result, plaintiff was injured and his automobile damaged.

Defendant answered, alleging that the accident was unavoidable, was not caused by any negligence on his part, but was due to a mechanical defect in his car, of which he had no knowledge, and which made it impos-

sible for him to control his automobile and caused it to strike plaintiff's car; and further that he could not have discovered or corrected the defect by the exercise of reasonable care.

Trial was to a jury which returned a verdict in favor of the plaintiff, and assessed his damage at $2,500. Motion for new trial was denied and judgment entered on the verdict.

There is little dispute as to the pertinent facts in the case. Defendant's answer is more or less in the nature of a confession and avoidance, other than a denial of any negligence on his part. On the evening of May 27, 1947, plaintiff had parked his practically new Plymouth automobile in front of 4575 Beach Court and was seated in the car listening to a radio program, when defendant's car struck the back of his auto and drove it into the rear of a parked vehicle ahead, causing plaintiff personal injuries, which, together with the damage to his automobile, prevented him from fully pursuing his occupation as a traveling salesman. Plaintiff was unaware of the approach of defendant until the rear-end collision.

Defendant testified that he was driving a 1941 Chevrolet convertible club coupe which he had owned for about six months; that it was in good mechanical condition; that he had taken good care of it; that he was not aware of any defect in the steering or spring mechanism of the automobile; that on the evening of the accident, a family friend was at his home who desired to make a call on Beach Court, a few blocks away and he took the friend in his automobile to the place he desired to go and let him out of the car; that just as he, the plaintiff, started his vehicle into second gear "the mechanical end of my car went haywire. That is when it happened. I was still in second gear just crossing the intersection." It appears that plaintiff's car was parked at the curb; that defendant was driving his auto down the middle of the street; that when within a few feet of the rear end of plaintiff's car the right front end of

his car suddenly went down and went right into Mr. Brown's car; that he was not able to steer his automobile after that happened; that he was "thrown against the dashboard"; that he had two ribs broken; that he "wasn't knocked unconscious, but * * * was dazed"; that when he crawled out of his car he saw a spring about six or eight inches long and five or six inches in circumference lying right at the curb, together with a number of other mechanical parts, bolts, nuts, and things of that sort; that he was driving approximately fifteen to twenty miles an hour just before the accident. There is a discrepancy in the testimony of defendant relative to where he was when the mechanism of his car broke. At one place, he said he was crossing the intersection and at another place, that he had just left from in front of the house where a friend had gotten out of the automobile. In either event, it was some distance from where plaintiff's automobile was parked.

Plaintiff testified that he took defendant into a neighbor's house, where there was a 'phone and telephoned to defendant's father; that at that time, defendant said it was all his fault and he would pay the damage.

For reversal, defendant specifies twenty points which may be summarized as follows: .Refusal of the court to grant nonsuit or directed verdict on the opening statement of plaintiff's counsel; admitting the testimony of plaintiff as to the statements made by defendant that the accident was his fault and that he would take care of the damage; prejudice of the trial court and the refusal of the court to give defendant's tendered instructions Nos. 4, 5, 6 and 9.

■ At the close of the opening statement to the jury by the counsel for plaintiff, counsel for defendant moved the court to dismiss the action because counsel for plaintiff had failed to make any statement or outline any evidence that would constitute negligence on the part of the defendant. It is true that plaintiff's attorney stated nothing more to the jury than that plaintiff was in his

parked automobile listening to a program, and that defendant drove his car along and rammed into the rear of plaintiff's automobile, causing his injuries and damage. The motion was rightly overruled, because counsel had not intentionally misstated the facts and due to the allegation of the complaint that defendant had carelessly, negligently driven his automobile into the rear of plaintiff's car and defendant had, by his answer, alleged unavoidable accident, it was apparent that a fact was yet to be determined and the controversy should not be determined by the unsafe method of directing a verdict on such an opening statement.

█ Counsel for defendant contends that the court erroneously refused to grant his motion to dismiss the complaint or for directed verdict made at the close of plaintiff's case because plaintiff had introduced no competent evidence of negligence on the part of defendant. Counsel undoubtedly has misconceived the effect of plaintiff's evidence in the making a prima facie case. From the admitted facts, which are that defendant was in control of an automobile which collided with the rear end of plaintiff's automobile without any fault whatever on the part of plaintiff, there is a presumption of negligence sufficient to make a prima facie case. "The thing itself speaks," or the doctrine of res ipsa loquitur applies here, for the simple season that the plaintiff could not reasonably be expected to account for any cause of the accident not within his knowledge. *Denver Tramway Corporation v. Kuttner*, 95 Colo. 312, 35 P. (2d) 852.

█ The statements claimed to have been made by defendant immediately following the accident, namely: "It was all my fault"; and again, "I don't know what happened, I just drove into you," were uttered in such close connection with the happening of the accident that it would indicate that the statements were wholly undesigned and would come clearly within a part of the res gestate, and, therefore, were admissible.

■ The court properly refused defendant's tendered instruction No. 4, which is as follows: "You are instructed that a person suddenly realizing that he is confronted by an emergency not created by his own negligence is not to be charged with negligence for an error of judgment when practically instantaneous action is required. So in this case, if you believe from the evidence that the defendant was confronted by an emergency which was not created or contributed to by the defendant's negligence, and that the defendant used ordinary care in seeking to avoid striking the plaintiff's automobile, then it is your duty to find for the defendant, even though you believe that defendant just before striking plaintiff's automobile might have acted differently and avoided striking said automobile."

Defendant's theory of the case is disclosed by the allegations in his answer wherein he alleged this to be an unavoidable accident. This is not a case where defendant is charged with having acted negligently in a time of emergency or in face of sudden peril. The defendant's contention, and his apparent theory of defense as shown by the testimony, was fully covered by the court's instruction No. 8 on unavoidable accident, which is as follows: "You are instructed that an 'unavoidable accident' is such an occurrence, as under all the circumstances, could not have been foreseen, anticipated, or avoided in the exercise of ordinary care, and that if you find from the evidence that the injury and damage to the plaintiff was due to an 'unavoidable accident,' then your verdict should be for the defendant." This instruction is in the accepted form, and the jury was given full opportunity to apply the facts of the case to the allegations of defendant's answer and the evidence, and it resolved same in plaintiff's favor. We believe the other instructions tendered by defendant, if applicable at all, were covered by the instructions given.

The jury having been fairly and properly instructed,

we see no reason for disturbing its verdict, and judgment based thereon, since other errors specified are not of sufficient consequence to require our determination, we, therefore, conclude that the judgment should be affirmed.

Judgment affirmed.

MR. CHIEF JUSTICE HILLIARD concurs.

MR. JUSTICE STONE concurs in the result.