## HARMON v STANLEY

1. TRIAL—INSTRUCTIONS TO JURY—COURT RULES.

    Requested instructions are to be served on adverse parties and the court should inform counsel of its proposed action on the requests prior to closing arguments; however at any time during the trial the court may, with or without request, instruct the jury on any point of law whenever such instruction will materially aid the jury to understand the proceedings and to arrive at a just verdict (GCR 1963, 516.1, 516.3).

2. TRIAL—INSTRUCTIONS TO JURY—PROFFERED INSTRUCTIONS—PREJUDICE.

    Extreme care should be taken by a trial court where an additional instruction is proffered by one of the parties during the course of the court's instructions to the jury to see that it completely comports with the applicable law, that there is competent evidence to support it, and that it will not be prejudicial to the party who did not have an opportunity to examine it.

3. AUTOMOBILES—NEGLIGENCE—REAR-END COLLISIONS—PRESUMPTIONS —INSTRUCTIONS TO JURY—PREJUDICE.

    An instruction on the presumption of negligence of a driver of a motor vehicle which overtakes and strikes another vehicle in the rear was prejudicial where there was a question of whether the vehicle struck was lawfully stopped on the highway and the instruction was proffered by the defendant without opportunity for review and objection by the plaintiff's counsel prior to its delivery to the jury (MCLA 257.402[2]).

Appeal from Calhoun, Creighton R. Coleman, J. Submitted Division 2 October 10, 1974, at Lansing. (Docket No. 16956.) Decided November 25, 1974.

REFERENCES FOR POINTS IN HEADNOTES

[1] 75 Am Jur 2d, Trial § 601.

[2] 75 Am Jur 2d, Trial § 1001.

[3] 75 Am Jur 2d, Trial § 906 *et seq.*

Complaint by George T. Harmon against Jackie G. Stanley for damages for negligence. Judgment for defendant. Plaintiff appeals. Reversed and remanded.

*Stiles, Fowler & Dudley, P. C.,* for plaintiff.

*Sullivan, Hamilton, Ryan, Schulz & Woodruff, P. C.,* for defendant.

Before: QUINN, P. J., and BASHARA and VAN VALKENBURG,* JJ.

BASHARA, J. Plaintiff appeals from a jury verdict of no cause of action in an automobile negligence matter. Facts relevant to the disposition of this case are as follows: At 5:30 a.m. on July 2, 1970, defendant was proceeding north on 26 Mile Road in Calhoun County. After passing the intersection of Anderson Road, defendant stopped his auto intending to back up to observe the street sign so that he could get his bearings. Plaintiff, also traveling north on the same road, had just come over a knoll some 500 feet behind defendant's vehicle. Upon viewing the back-up lights of defendant's auto, plaintiff slammed on his brakes but was unable to avoid the ensuing collision. Evidence was adduced from both plaintiff and defendant that fog shrouded the roadway at the time of the accident.

After the proofs had been placed in evidence, a conference was held between the attorneys and the trial judge for the purpose of reviewing the instructions to be given to the jury. At that time, no instruction was presented or requested regarding the statutory presumption of negligence in

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

rear-end collisions,[1] nor did the court indicate that such an instruction would be given.

While the instructions were being given defense counsel excused himself from the courtroom and returned handing the court an instruction regarding the presumption of negligence in rear-end collisions. It is undisputed that plaintiff's counsel had no opportunity to view the instruction, nor to make any objection thereto prior to its being delivered to the jury. Plaintiff's attorney took exception to the instruction at a conference held out of the presence of the jury and just prior to their being released for deliberation. It should be noted that plaintiff's attorney did not ask for nor did he offer any curative or additional instructions.

We are thus confronted with the issue of whether the trial judge erred in giving the statutory presumption instruction regarding rear-end collisions. GCR 1963, 516.1 provides that requested instructions are to be served on adverse parties and that the court should inform counsel of its proposed action on the requests prior to their arguments to the jury. GCR 1963, 516.3 also provides that:

"At any time during the trial the court may, with or without request therefor, instruct the jury on any point of law whenever such instruction will materially aid the jury to understand the proceedings and to arrive at a just verdict."

The purpose of the above court rule is to provide that the parties will be protected and that an

---

[1] MCLA 257.402(a); MSA 9.2102(a) provides in part:

"In any action, in any court in this state when it is shown by competent evidence, that a vehicle traveling in a certain direction, overtook and struck the rear end of another vehicle proceeding in the same direction, or *lawfully standing upon any highway within this state, the driver or operator of such first mentioned vehicle shall be deemed prima facie guilty of negligence.*" (Emphasis added.)

equitable result will be obtained. *Hunt v Deming,* 375 Mich 581; 134 NW2d 662 (1965). The court rules allow trial judges broad latitude to give an instruction at any time. However, where an instruction is given to the judge during the course of his instructions to the jury by one of the parties, extreme care should be taken to see that it completely comports with the applicable law, that there is competent evidence to support it, and that it will not be prejudicial to the party who did not have an opportunity to examine it.

Let us then examine the instruction as applied to the facts of this case. The statute given indicates that there is prima facie evidence of negligence if "a vehicle traveling in a certain direction *overtakes* and strikes the rear end of another vehicle *proceeding* in the same direction, or *lawfully standing upon* any highway". (Emphasis added.) Was defendant's vehicle proceeding on the highway? The unrebutted testimony is that it was not. Was the defendant's vehicle lawfully standing on the highway? MCLA 257.672; MSA 9.2372 states in part as follows:

"Outside of the limits of any city or village, it shall be unlawful to stop, park or leave standing any vehicle, attended or unattended, upon the paved or main traveled part of the highway, when it is possible to stop, park or to leave the vehicle off such part of the highway."

Defendant by his own admission testified his auto was stopped on the highway in reverse gear. This being the case, it was questionable in light of the above statute, whether or not defendant was lawfully stopped on the highway.

The propriety of giving the presumption of negligence instruction was not so clear as to say that it

completely comported with applicable law. The instruction was of significant importance in that it alone was sufficient to allow the jury to find plaintiff contributorily negligent. The giving of the instruction under the facts of the instant case was prejudicial since it was proffered by an adverse party without opportunity for review and objection by opposing counsel prior to its delivery.

We therefore, reverse and remand for a new trial. Costs to abide the outcome of trial upon remand.

All concurred.