COVINGTON, Judge.
These consolidated appeals are taken from judgments in two actions arising from the same three-vehicle collision.
Sherry Lynn Snow and Tonya King, both minors, were guest passengers in an automobile driven by Kelly B. Lavigne, also a minor. The Lavigne vehicle was struck head-on by an automobile driven by Jerry L. Hughes, an uninsured motorist. Thereafter, a pickup truck driven by Gary Guerin collided with the rear of the Lavigne vehicle.
Doris Snow Covington and Harvey King, parents of the guest passengers in the La-vigne vehicle, filed separate actions, both individually and on behalf of their minor children, against Warren Lavigne and Agnes Lavigne, the parents of Kelly La-vigne, Jerry Hughes, Gary (Carey) Guerin and various insurers. The two actions were consolidated for purposes of trial.
As the result of settlements, suit was dismissed prior to trial against all defendants except Hughes, Guerin and American Southern Insurance Company, the insurer of the Guerin truck. After trial on the merits, judgments were rendered in both cases in favor of plaintiffs and against the remaining defendants, in solido. Guerin and his insurer appealed. Hughes has not appealed, so the judgment is final as to him.
Appellants specify as error on appeal that the trial court erred in finding negligence on the part of Gary Guerin under the factual circumstances presented at the trial.
The record reflects that the accident occurred on a straight segment of Louisiana Highway 16, a two-lane hard-surfaced roadway, at approximately 9:30 to 10:00 o’clock, p. m. The highway was wet and slippery from rain. The Lavigne automobile was traveling in a southerly direction, followed by the Guerin truck. Guerin testified that both vehicles were traveling about 50 miles per hour, and that he was about 75 feet behind the preceding automobile (Lavigne). Guerin first observed the Hughes automobile when it swerved into the southbound lane ahead of the Lavigne vehicle. He testified that after the impact of the two cars ahead of him, he turned his truck to the left, and applied his brakes; but his truck skidded into the rear of the Lavigne automobile, coming to rest in a ditch ahead (to the south) of that car.
The two impacts happened in quick succession. Officer John Futrel, the state trooper who investigated the accident, noted in his report that the Lavigne vehicle traveled ten feet after impact. He testified that the debris indicated that the length of a car (which he fixed at about 20 feet) separated the two areas of impact at the front and rear of the Lavigne vehicle.
In his findings or written reasons for judgment, the trial court stated that the second collision “was caused by the negligence of the defendant Gary Guerin in following plaintiff’s vehicle more closely than was reasonable and prudent under the circumstances that existed.” The trial court specifically noted that it was a dark night and that the highway pavement was wet.
LSA-R.S. 32:81(A) provides:
“The driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent,- having due regard for the speed of such vehicle and *200 the traffic upon and the condition of the highway.”
It is well settled that a following motorist is presumed negligent if he collides with the rear of a leading motorist, and bears the burden of exculpating himself from the inference of negligence. Welch v. Thomas, 263 So.2d 427 (La.App. 1 Cir. 1972), writ denied, 262 La. 1132, 266 So.2d 434 (1972). To overcome this presumption, the following motorist must prove that he kept his vehicle under control, closely observed the forward vehicle, and followed at a safe distance under the circumstances. Eubanks v. Brasseal, 310 So.2d 550 (La. 1975). Following motorists have escaped liability for rear-end collisions by establishing that the forward vehicle, encountered in the dark, was stalled and unlighted, as in Vascoe v. State Farm Mutual Automobile Insurance Company, 260 So.2d 161 (La.App. 2 Cir. 1972), or that the unpredictable driving of the preceding motorist created a sudden emergency that the following motorist could not reasonably have anticipated, Baptiste v. Granada, 387 So.2d 1235 (La.App. 1 Cir. 1980). Hence, the appellants contend that without warning the Hughes vehicle crossed the center line and collided head-on with the Lavigne car so suddenly that Gue-rin was unable to avoid colliding with the rear of the forward vehicle. Thus, appellants argue they have overcome the presumption of negligence against Guerin as the following motorist.
We disagree. We find that the record establishes that Guerin failed to satisfy the standard of conduct of LSA-R.S. 32:81(A) in that, in the words of the trial judge, Guerin followed the Lavigne car “more closely than was reasonable and prudent under the circumstances that existed,” it being a dark night with the highway pavement wet and “real slick”, as Guerin admitted. We conclude that Guerin was operating his truck much too close to the forward car and was not maintaining his vehicle under proper control under the circumstances. His failure to operate his vehicle at a safe distance and in a proper manner constitutes, in our opinion, negligence on his part which was a cause in fact of the accident. Consequently, Guerin is responsible for the damages sustained by the plaintiffs as a result of his fault.
For the foregoing reasons, the judgments appealed are affirmed. Costs of the appeals are to be borne by appellants.
AFFIRMED.