Robert BORING, Plaintiff-Appellant,

v.

Maurine BETTNER,
Defendant-Appellee.

No. 85CA0672.

Colorado Court of Appeals,
Div. I.

March 19, 1987.

Rehearing Denied April 30, 1987.

Certiorari Granted (Boring)
July 13, 1987.

Andersson, Gerig, Gross & Lederer, P.C., William M. Lederer, Colorado Springs, for plaintiff-appellant.

Bennett and Hollaway, Cuba Y. Hollaway, Colorado Springs, for defendant-appellee.

TURSI, Judge.

In this personal injury action arising out of an automobile accident, the plaintiff, Robert Boring, appeals the judgment entered on a jury verdict for the defendant, Maurine Bettner. We reverse.

In January of 1983, defendant's vehicle spun out of control on an icy highway and eventually collided with plaintiff's vehicle, striking it from the rear. At the time of the collision, plaintiff's vehicle was parked approximately 10 feet off the road. Visibility was good but road conditions were icy. The road had been sanded. Defendant testified that road conditions had changed quickly and that prior to the collision, a vehicle pulled in front of her throwing slush onto her windshield, that she hit a patch of ice, then sand, then spun out of control, went off the road, and struck plaintiff's vehicle.

I

Plaintiff first contends that the trial court erred in failing to give the instruction on the presumption of negligence arising from a rear-end collision set forth at *CJI–Civ.2d* 11:12 (1980). We agree.

The instruction set forth at *CJI–Civ.2d* 11:12 (1980) provides that if a motor vehicle is struck from the rear, the law presumes the driver striking the vehicle ahead is negligent. The trial court rejected the instruction ruling it was not designed for a situation in which the defendant's vehicle collides with a stationary vehicle parked off the highway.

The instruction is based on the doctrine of res ipsa loquitur and was derived from *Iacino v. Brown*, 121 Colo. 450, 217 P.2d 266 (1950) which is factually similar to this case. *CJI–Civ.2d* 11:12 (1980) (Source and Authority). In *Iacino*, the plaintiff's car was parked at the curb. The defendant testified his car had a mechanical failure, went out of control, and hit the back of the plaintiff's car. The court held that if a defendant was in control of an automobile that collided with the rear end of the plaintiff's automobile without any fault whatever on the part of the plaintiff, then there is a presumption of negligence sufficient to make a prima facie case. The doctrine of res ipsa loquitur applies because the plaintiff could not reasonably be expected to account for any cause of the accident not within his knowledge. *Iacino v. Brown, supra.*

Here, the plaintiff was more cautious than the *Iacino* plaintiff. He had parked his vehicle completely off the highway. Furthermore, we note that even when a plaintiff is contributorily negligent he is still entitled to the rear-end collision presumption instruction. *Montgomery Elevator Co. v. Gordon*, 619 P.2d 66 (Colo. 1980); *Tracy v. Graf*, 37 Colo.App. 323, 550 P.2d 886 (1976), *rev'd on other grounds*, *Graf v. Tracy*, 194 Colo. 1, 568 P.2d 467 (1977). Therefore, we find it illogical to deny this plaintiff the presumption instruction because he was *more* cautious and did move his vehicle farther from the zone of danger.

The defendant also contends the instruction was inapplicable because she claimed the collision was caused by a sudden emergency. A vehicle pulled over in her lane and threw slush on her windshield. However, for the plaintiff to establish res ipsa loquitur, he need not eliminate all other possible causes beyond a reasonable doubt. It is enough if the jury may reasonably conclude the negligence was more probably than not that of the defendant. *Montgomery Elevator Co. v. Gordon, supra.* The defendant's sudden emergency theory goes toward rebutting the presumption rather than eliminating it.

We find the trial court committed reversible error by refusing to give the requested rear-end collision instruction. Since this matter must be remanded for retrial, we address the plaintiff's other allegations of error which may arise at that time.

II

Plaintiff argues that the trial court erred in failing to define the word "presumption" when it instructed the jury that defendant was presumed to have knowledge of ice existing on the road. We disagree.

C.R.C.P. 51.1 provides that, in a civil case, the court shall use such instructions contained in the Colorado Jury Instructions as are applicable to the evidence and the prevailing law.

■ Here, the instruction given was in the form prescribed by *CJI–Civ.2d* 3:6 (1980) which is intended as a separate, complete instruction on presumption of knowledge. *CJI–Civ.2d* 3:5 (1986) (Notes on Use). The instruction was applicable to the facts of the case and the prevailing law. It was not the sort of highly technical instruction likely to confuse a jury in the absence of additional explanatory language, *cf. Pueblo Bank & Trust Co. v. McMartin*, 31 Colo.App. 546, 506 P.2d 759 (1972), and there is nothing to suggest that the jury was confused or misled by it. Thus, the trial court did not err in failing to define the word "presumption."

### III

Finally, plaintiff argues that the trial court erred in denying his motion for directed verdict. We disagree.

■ A motion for directed verdict can be granted only when the evidence, considered in the light most favorable to the party against whom the motion is directed, compels the conclusion that reasonable persons could not disagree, and when no evidence has been presented that could sustain a jury's verdict against the moving party. *Mahoney Marketing Corp. v. Sentry Builders of Colorado, Inc.*, 697 P.2d 1139 (Colo.App.1985).

■ Here, defendant presented evidence which, if believed by the jury, was sufficient to support the conclusion that the collision would not have occurred but for the sudden emergency caused by the throwing of slush on her windshield by the vehicle which pulled in front of her. Further, we note that an instruction on sudden emergency was given without objection by plaintiff. Thus, plaintiff's motion for directed verdict was properly denied.

The judgment is reversed, and the cause is remanded for new trial to be held in accordance with this opinion.

CRISWELL, J., concurs.

PIERCE, J., dissents.

PIERCE, Judge, dissenting:

I dissent on two grounds.

I cannot agree that the trial court erred in refusing to give an instruction on the presumption of negligence arising from a rear-end collision.

A party is entitled to an instruction only if it is applicable to the law and the facts of the case. *See* C.R.C.P. 51.1; *Xerox Corp. v. ISC Corp.*, 632 P.2d 618 (Colo.App.1981). Here, the presence of the plaintiff's vehicle ten feet off the road was not a factor in the alleged negligence of the defendant which took place on the highway.

I would limit instructions patterned after *CJI–Civ.2d* 11:12 (1980) to those situations in which the presence of plaintiff's vehicle in front of the defendant's vehicle was a factor in the course of action followed by the defendant at the time the defendant allegedly failed to take appropriate steps to avoid a collision. This would limit the giving of the instruction to those situations in which the negligence followed by the collision occurred while both vehicles were on the roadway or shoulder, in relatively close proximity, and facing in the same direction. Such have been the typical situations where such an instruction has been allowed in this state. *Rhodig v. Cummings*, 160 Colo. 499, 418 P.2d 521 (1966); *Iacino v. Brown*, 121 Colo. 450, 217 P.2d 266 (1950); *Tracy v. Graf*, 37 Colo.App. 323, 550 P.2d 886 (1976), *rev'd on other grounds*, 194 Colo. 1, 568 P.2d 467 (1977).

Here, all of the alleged negligence took place on the highway without any reference to plaintiff's vehicle. The defendant's vehicle went out of control on the highway and spun out of control before it left the highway. The fact that it eventually lightly struck the left rear and side of the plaintiff's vehicle was only incidental. It seems to me very misleading to instruct the jury, in essence, that liability may be premised upon the fact that defendant's vehicle struck the plaintiff's vehicle partially on

the rear. Liability should be premised upon deficiencies in human judgment not on a random combination of the laws of chance and nature.

Under the facts here, the general negligence instructions given to the jury were adequate to apprise it of the law applicable to this case.

I would affirm as to all the issues in this case.